UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-847-GHK (SP) | Date | June 8, 2012 |
|---|---|---|---|
| Title | SALVADOR HURTADO GARCIA v. SUPERIOR COURT OF CALIFORNIA | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Failure to Name Proper Respondent

On May 29, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. The petition stated that petitioner is currently a prisoner in the California Department of Corrections, but names the Superior Court of California as respondent.

A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is "typically . . . the warden of the facility in which the petitioner is incarcerated"). Where a petitioner is on probation, the proper respondent is usually his or her probation officer and the official in charge of the probation agency or state correctional agency. 28 U.S.C. foll. § 2254, Rule 2 Advisory Committee Note, subd. (b) (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval*, 81 F.3d at 894; *see also Stanley*, 21 F.3d at 360.

Although it appears that petitioner is currently incarcerated in a county jail for a probation violation, he does not name the warden of that institution as the respondent, nor does he name his probation officer or any probation or correctional official. Rather,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-847-GHK (SP) | Date | June 8, 2012 |
|---|---|---|---|
| Title | SALVADOR HURTADO GARCIA v. SUPERIOR COURT OF CALIFORNIA | | |

petitioner has named the Superior Court as respondent.

Accordingly, the court hereby issues an **ORDER TO SHOW CAUSE** why the petition should not be dismissed for failure to name a proper respondent. Petitioner is **ordered** to file with the court a written response to the Order to Show Cause on or before **June 22, 2012.**

In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action. Alternatively, petitioner may file a response in which he identifies the name of the proper respondent and requests the court to deem the petition amended to name the person he identifies as the respondent. Fed. R. Civ. P. 15. Whichever option petitioner selects, petitioner must file and serve the responding document *no later than June 22, 2012*.

**The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice for failure to name a proper respondent, for failure to prosecute, and/or for failure to obey court orders.**